IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KENNETH S. AZUBUIKE, )<br>)<br>Defendant. ) | Case No. 02-CR-153-TCK<br>(07-CV-449-TCK-FHM) |

## OPINION AND ORDER

On August 16, 2007, Defendant Kenneth S. Azubuike, a federal inmate appearing *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 116). For the reasons discussed below, the Court finds Defendant's § 2255 motion is barred by the statute of limitations. For that reason, the motion shall be dismissed with prejudice.

### *BACKGROUND*

Defendant challenges his conviction by a jury of Counts One through Forty-one of the Third Superseding Indictment (Dkt. # 72). Defendant was sentenced to 48 months imprisonment on each count, to be served concurrently, and to 5 years supervised release on Counts One and Seven through Forty, and to 3 years supervised release as to Counts Two through Six and Forty-one, all to be served concurrently. He was also ordered to pay $340,161.52 in restitution and a special assessment of $4,100.00.

A review of the docket sheet for this case indicates that the Judgment and Commitment (Dkt. # 99) was entered February 25, 2005. Defendant did not perfect a direct appeal. On January 24, 2006, Defendant filed a motion "to request a deferment of payment of court costs and/or fine until such time of supervised release" (Dkt. # 102). That motion was denied by Order filed February 9, 2006 (Dkt. # 104). Defendant appealed, but ultimately dismissed the appeal voluntarily. See Dkt.

# 115. Defendant filed the instant § 2255 motion (Dkt. # 116) on August 16, 2007.

## *ANALYSIS*

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Upon review of Defendant's § 2255 motion, the Court finds that under § 2255(1), this action is barred by the statute of limitations. Defendant's conviction became final on March 11, 2005, after he failed to file a notice of appeal within ten (10) days of the entry of the Judgment and Commitment. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Nelson, 465 F.3d 1145, 1146 (10th Cir. 2006). Pursuant to § 2255(1), Defendant's § 2255 motion had to be filed on or before March 11, 2006, to be timely. Defendant did not file his § 2255 motion until August 16, 2007. As a result, unless Defendant is entitled to statutory or equitable tolling, his motion is time-barred.

Defendant recognizes that his § 2255 motion was not filed within the one-year limitations period as calculated under § 2255(1). He provides extensive argument, however, for the proposition that his motion is timely under § 2255(4) (providing that the one-year period may begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence"). Defendant asserts that he is entitled to relief from the judgment entered in this matter "on the grounds that former counsel was ineffective in failing to both appeal from the judgment of conviction and sentence, for failing to consult the undersigned on the appeal option, failing to move to dismiss the indictment based upon an obvious violation of the Speedy Trial Act (18 U.S.C. § 3161(c)), and for failing to object to the district court's failure to state, in open court, and on the record, its reason for imposing the maximum periods of supervised release, as required by statute (18 U.S.C. § 3553(c)) and Tenth Circuit case law." See Dkt. # 116 at 3. He asserts that he did not become aware of his claims concerning the availability of an appeal until "on or about July 25, 2007," when he consulted with a fellow inmate "concerning his restitution obligation, and the manner in which the Federal Bureau of Prisons was attempting to collect on the financial judgment."[1] See id. at 4. Defendant claims that only then did he learn that counsel's advice regarding the lack of meritorious issues for appeal was erroneous. Id. As a result, Defendant argues that his § 2255 motion is timely because it was filed within one year of his discovery of the facts supporting his claims.

The Court disagrees with Defendant. The facts supporting each of Defendant's claims, including his claims of ineffective assistance of counsel, could have been discovered through the exercise of due diligence at any time after his conviction became final. Furthermore, Defendant's

---

[1] The record reflects that Defendant filed his motion requesting "a deferment of payment of court costs and/or fine until such time of supervised release" (Dkt. # 102) on January 24, 2006, or well in advance of July 25, 2007, the date Defendant alleges he first learned of his § 2255 claims upon consultation with a fellow inmate concerning the payment program imposed by the Federal Bureau of Prisons ("BOP"). Resolution of the issue raised by Defendant in his motion challenging the BOP's payment policy was complete well in advance of July 25, 2007. Thus, the basis for Defendant's allegation that he was not aware of the claims raised in the § 2255 motion until July 25, 2007, does not correspond to the record and appears to be disingenuous.

argument that he is entitled to an extension of the limitations period because of his misplaced reliance on the advice of his attorney due to his ignorance of the law is also without merit. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotations omitted). Lastly, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The Court finds that Defendant has failed to establish a basis for equitable tolling of the limitations period.

The Court concludes that Defendant is not entitled to either statutory or equitable tolling of the limitations period. Therefore, his § 2255 motion, filed more than seventeen months after expiration of the limitations period calculated under § 2255(1), is barred by the statute of limitations. The motion shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 116) is **dismissed with prejudice** as time-barred.

DATED THIS 16th day of October, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE